```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND


WESLEY DANA PLANTE d/b/a          :
LAND PLAN ASSOCIATES,             :
               Plaintiff,         :
                                  :
          v.                      :      CA 10-217 ML
                                  :
URSILLO, TEITZ, and RITCH,        :
Attorneys-at-Law,                 :
               Defendants.        :
```

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is the Application to Proceed without Prepayment of Fees and Affidavit (Document ("Doc.") #2) ("Application to Proceed without Prepayment of Fees" or "Application") filed by Plaintiff Wesley Dana Plante d/b/a Land Plan Associates ("Plaintiff"). Because I conclude that the Application should be denied, it is addressed by way of this Report and Recommendation. See Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005)(explaining that because denial of a motion to proceed in forma pauperis is the functional equivalent of an involuntary dismissal, a magistrate judge should issue a report and recommendation for a final decision by the district court).

**Discussion**

Plaintiff's complaint, which is entitled "Case of Slander and Libel Complaint to Sustain LR Gen 213, LR Gen 210(c)(3)"

(Doc. #1) ("Complaint"), is similar to previous complaints which he has attempted to file in this Court pursuant to the 28 U.S.C. § 1915[1] and which have been dismissed.  See Wesley Dana Plante d/b/a Land Plan Associates v. Arlene Embrey, Trial Attorney, et al. ("Plante v. Embrey"), CA 08-281 S, Report and Recommendation of 8/14/08 ("R&R of 8/14/08"), Martin, M.J., at 2-3 (recommending action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)[2] because the basis for Plaintiff's claim remained "largely incomprehensible" even after he was given an opportunity to file an amended complaint); Wesley Dana Plante d/b/a Land Plan Associates v. Allan M. Shine, Receiver of Freedom Bay Cottages, LLC ("Plante v. Shine"), CA 07-156 ML, Report and Recommendation of 5/17/07 ("R&R of 5/14/07"), Almond, M.J., at 3-5 (recommending summary dismissal of Plaintiff's complaint because it "is disjointed and confusing" and "it is impossible to

---

[1] 28 U.S.C. § 1915 provides in relevant part:

(a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

[2] See note 3.

ascertain what specific federal law his claim is based upon, what relief he is seeking or what standing he or his 'dba' Land Plan Associates has to pursue an environmental claim against the Freedom Bay project through its Receiver"). As was true for his previous complaints, the defendants are attorneys. Also similarly, Plaintiff's claim appears to be related in some way to his failure to be awarded a contract or to obtain work or payment relating to an architectural/engineering project. See Plante v. Embrey, First Amended Complaint at 1-2 (requesting $198,815.23 as relief); Plante v. Shine, R&R of 5/14/07 at 4 (stating that it is "impossible to ascertain from the Complaint any legal or factual basis for Plaintiff's assertion that he is entitled to $32.1 million in damages").

Plaintiff's Complaint, like his prior complaints, is again largely incomprehensible. The first two paragraphs of Plaintiff's pleading are reproduced below:

> The defendant shall be tried on counts of slander and libel pursuant disciplinary action of the official record of entry of guilty or nolo contendre to the serious crime of extorting through a conspiracy of the Director of Planning, Albert V. Rinaldi, Jr., AICP. Mr. Rinaldi has awarded the contract of a Comprehensive Historic District Zone and Commission for the Town of Lincoln, Rhode Island to Ursillo, Teitz + Ritch.

> The Law Offices of Ursillo, Teitz + Ritch did solicit and enter into evidence that they are "qualified under : Professional Qualifications Standards" cited in 36 CFR Part 61. due to the evidence of the plaintiff, the law office does not in day-to-day operations practice as a design firm- that is historic preservation verbatim.

Complaint.  The penultimate paragraph of the Complaint is even less clear:

> The Law Offices of the "HIRED Design Consultant" does not have a design reputation.  Therefore, under Federal Court Immunity, I, Wesley Dana Plante., suggest that this be duplicated in court to prove reputable as slander and monetary libel.

Id.

In view of Plaintiff's previous filings, no purpose would be served by affording him an opportunity to file an amended complaint as there is no reason to believe that an amended complaint would be any more comprehensible.  Cf. Plante v. Embrey, R&R of 8/14/08 at 3 (concluding that "allowing Plaintiff another opportunity to satisfy the requirements of Rule 8(a) is unlikely to result in a pleading which can be understood").

## Conclusion

Accordingly, for the reasons stated above, I recommend that the Application be denied and that the action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)[3] because it

---

[3] Section 1915(e)(2) states that:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i)  is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

fails to state a claim upon which relief may be granted. See Feeney v. Correctional Medical Services, Inc., 464 F.3d 158, 161 n.3 (1st Cir. 2006)(noting that § 1915(e)(2)(B)(ii) authorizes a federal court, sua sponte,[4] to dismiss an action filed in forma pauperis if court determines that it fails to state a claim on which relief may be granted).

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
May 20, 2010

---

28 U.S.C. § 1915(e)(2).

[4] Sua sponte means "[w]ithout prompting or suggestion; on its own motion ...." Black's Law Dictionary 1464 (8th ed. 1999).

5